IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:13-cv-01043 |
| | ) | Senior Judge Haynes |
| v. | ) | |
| | ) | |
| KAIGLER & COMPANY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM

Plaintiff, Allstate Insurance Company ("Allstate"), an Illinois corporation filed this action under 28 U.S.C. § 1332, the federal diversity jurisdiction statute against the Defendant, Kaigler & Company, Inc. ("Kaigler"), a Tennessee corporation seeking a declaratory judgment under 28 U.S.C. §§ 2201 and 2202. Allstate seeks a judicial declaration on its coverage obligations to Kaigler in an Illinois state court.

Before the Court is Allstate's motion for judgment on the pleadings (Docket Entry No. 25), contending that the "accident event" coverage in its policy issued to Kaigler is limited to "bodily injury" or "property damage" not injuries from violations of Telephone Consumer Protection Act ("TCPA") that is the legal basis for the claims against Kaigler. In response, Kaigler asserts that, under recent Sixth Circuit precedent, this Court lacks subject matter jurisdiction in this action because, with the individual plaintiff in the state court's failure to present a claim in excess of $75,000, Plaintiff fails to satisfy the requirement for diversity jurisdiction.

Plaintiff's claim involves an Illinois state court action in which Kaigler is the defendant in claims by a plaintiff as the representative of a class of similarly-situated persons. See Lawrence S. Brodsky, Individually and as the Representative of a class of similarly-situated persons v. Kaigler

& Company, Case No. 2008 CH 44036, Circuit Court for Cook County Illinois. The Illinois plaintiff's claims are for unsolicited fax advertisements in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and arise only under the advertising injury coverage in the parties' insurance contract. The Illinois plaintiff also asserts a claim under the Illinois Consumer Fraud and Deceptive Business Practices Act for similar injuries.

### A. Analysis of the Complaint

The Illinois plaintiff alleges that, on or about September 4, 2008, Kaigler sent an unsolicited fax advertisement to him and similar fax advertisements to other persons without the recipients' permission or invitation. The Illinois plaintiff seeks statutory damages under the TCPA of $500 per violation for the recipients' lost paper and toner, use of fax machines, wasted employee time in reviewing faxes and interrupted privacy interests.

In a recent filing, Allstate described what class members expect to receive. Specifically, Allstate contends that "[t]he Class is entitled to statutory damages under the TCPA," and "[t]he Class should receive $500 for each violation." Docket Entry No. 38-1, Plaintiff's Memorandum of Law in Support of Summary Judgment Filed in the Circuit Court of Cook County, Illinois at 13.

From September 22, 2005 until September 22, 2009, Allstate insured Kaigler under policy number 010 049 947051 ("the Allstate Policies") that defined its coverage of Kaigler's business liability as follows:

**Coverage B - Business Liability**

**Part One - Comprehensive Liability**

**Liabilities Covered**
We will pay on behalf of persons insured all sums which they become legally obligated to pay as damages arising out of an accidental event, personal injury or

2

advertising injury that occurs while this policy is in effect....

* * * *

**Limits of Liability**
The maximum amount we will pay for each accidental event or personal injury covered under this Part, no matter how many persons insured, injured parties, property owners or claims are involved, will not exceed the limit of liability shown in the Declarations for each accidental event.

* * * *

Advertising Injury Liability

The maximum amount we will pay for all covered advertising injury occurring within this policy period will be $300,000.

* * * *

**Defense**
We will defend any suit brought against persons insured seeking damages to which this Part applies, even if the allegations in the suit are groundless, false or fraudulent....

* * * *

13.     The Allstate Policies define the following relevant terms:

**"Accidental event"** means an accident, including continuous or repeated exposure to the same conditions, resulting in bodily injury or property damage. An accident cannot be intended or expected by any persons insured, except for the use of reasonable force to protect persons and property.

**"Advertising"** means the action of calling something to the attention of the public by means of printed or broadcast paid announcements for the sale of goods, products or services.

**"Advertising injury"** means injury arising out of one or more of the following offenses:

> 1. Oral or written publication of advertising material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
>
> 2. Oral or written publication of advertising material that violates a person's right to privacy;

3

> 3. Misappropriation of advertising ideas or style of doing business; or
>
> 4. Infringement of copyright, title or slogan as a result of your advertising.
>
> **"Bodily Injury"** means injury, sickness or disease and includes death that results from injury, sickness or disease.
>
> **"Personal injury"** means injury, other than bodily injury, arising out of one or more of the following offenses:
>
> 1. false arrest, detention or imprisonment;
>
> 2. malicious prosecution;
>
> 3. wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, by or on behalf of its owner, landlord or lessor;
>
> 4. oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization goods, products or services; or
>
> 5. oral or written publication of material that violates a person's right of privacy.
>
> Personal injury does not include offenses conmlitted in the course of your advertising, broadcasting, publishing or telecasting activities done by or for you.
>
> **"Property damage"** means physical damage to, or destruction of, any tangible property, including any losses that result because the damaged or destroyed property can no longer be used.

Docket Entry No. 1, Complaint at ¶¶ 12-13.

In a subsequent endorsement, Allstate included a choice of law provision that adopts Tennessee law as the governing law:

> **What Law Will Apply**
> This policy is issued in accordance with the laws of the State of Tennessee and

> covers property or risks principally located in the State of Tennessee. Subject to the following paragraph, the laws of the State of Tennessee shall govern any and all claims or disputes in any way related to this policy.

Id. at ¶ 14.

For its jurisdictional challenge, Kaigler cites The Siding and Insulation Co., Inc. v. Acuity Mutual Ins. Co., 754 F.3d 367 (6th Cir. 2014), as holding that this Court lacks subject matter jurisdiction in declaratory judgment actions where the threshold of $75,000.00 is not satisfied as to the named plaintiff in the related action. In Siding, an insuror filed a declaratory judgment action on coverage under a general commercial insurance policy with Beachwood Hair Clinic. Siding and Beachwood entered a settlement agreement on the improper sending of faxes and a violation of the Telephone Consumer Protection Act ("TCPA"). The settlement and judgment provided as follows:

> (1) entry of judgment against Beachwood in the amount of $3,956,650.00; (2) Acuity's payment of $1,956,650 to an initial settlement fund; (3) that '[t]he remaining portion of the Judgment shall be subject of a separate Coverage Action and if there is any further recovery on the Judgment, then such recovery shall be satisfied only through the proceeds of [Beachwood's] insurance policy(ies) with Acuity;' and (4) that class member submitting 'timely and valid claim[s]' would receive 'a pro rata share, not to exceed $500 recovery,' but '[i]n no event w[ould] a Class member be paid more from the Judgment than $500 per fax that was sent to them.' (R.21-1, Underlying Settlement Judgment ¶¶ G, I)

Id. at 371, n.2 (emphasis supplied).

In sum, the Sixth Circuit held that the monetary threshold of $75,000.00 for diversity jurisdiction under 28 U.S.C. § 1332(a) was not satisfied. The Sixth Circuit stated, "[t]he traditional judicial interpretation . . . has been . . . that the separate and distinct claims of two or more plaintiffs cannot be aggregated in order to satisfy the jurisdictional amount requirement." Id. at 369 (quoting Snyder v. Harris, 394 U.S. 332, 335 (1969)). As applied here, Allstate cannot show that a single

plaintiff in the Illinois state action has "a singular interest exceeding $75,000." Id.

Moreover, to the extent Allstate asserts exposure of $1,200,000 under the "advertising" clause of the policy and potential exposure in excess $54,924,500 including interest, the Sixth Circuit rejected the "either viewpoint rule" in Siding, stating that:

> The court also deemed that alignment [insurance company as plaintiff] irrelevant because '[t]he anti-aggravation rule applies to both cases in which multiple plaintiffs seek to combine their claims against a single defendant <u>and to those brought by a single plaintiff against multiple defendants</u>.' In other words, the bar extends to both sides of the 'v.' Though relatively undeveloped in this circuit, we long ago recognized the defendant-aggregation aspect of the doctrine as the 'settled general rule.'

Id. at 373 (citations omitted) (emphasis in original). In a word, there is no "consideration of the 'value of the object of the litigation.'" Id. at 372-73.

Applying Siding, the Court concludes that, in this declaratory judgment action, this Court lacks subject matter jurisdiction under 28 U.S.C. § 1332, and Allstate's motion for judgment on the pleadings should be denied without prejudice.

An appropriate Order is filed herewith.

**ENTERED** this the ___ day of February, 2015.

WILLIAM J. HAYNES, JR.
Senior United States District Judge